Ernest T. COLTRAIN and Betty
P. Coltrain, Plaintiffs,

v.

F.N. WOLF & CO., INC., Ellsworth
Allen Buck, Jr., and George E.
Hubbard, Defendants.

Civ. A. No. 2:93cv127.

United States District Court,
E.D. Virginia,
Norfolk Division.

April 9, 1993.

W. Edgar Spivey, Jonathan L. Thornton, Kaufman & Canoles, P.C., Norfolk, VA, for plaintiffs.

John S. Barr, James C. Cosby, Steven S. Biss, Maloney, Yeatts & Barr, Richmond, VA, for defendants.

## SUPPLEMENTAL ORDER

CLARKE, District Judge.

This matter was before the Court on the Motion of the Defendants, F.N. Wolf & Co., Inc., Ellsworth Allen Buck, Jr., and George E. Hubbard (hereinafter collectively referred to as F.N. "Wolf"), to Compel Arbitration. On February 11, 1993, Plaintiffs, Ernest T. Coltrain and Betty P. Coltrain, filed this action "for damages incurred by the Coltrains resulting from violations of state and federal securities laws, RICO laws, common law fraud, and breach of fiduciary duty by F.N. Wolf, individually and acting through its agents, Buck and Hubbard." Complaint at ¶ 2. March 11, 1993, Defendants filed a "Motion to Compel Arbitration and Motion to Stay Proceedings in Federal Court" pursuant to an alleged written agreement executed by the Plaintiffs.

For the reasons stated from the bench, specifically that

1. Wolf did not sign the agreement containing the arbitration clause ("agreement") in question;

2. the agreement the Coltrains signed lacked any meaningful identification of Wolf despite the fact that the numbers at the top of the agreement represented Wolf's Virginia Beach Branch Office, the Arrant's account number and Wolf's agent's number since the Coltrains had no reference from which to equate the numbers to Wolf, cf. *O'Conner v. R.F. Lafferty & Co. Inc.*, 965 F.2d 893 (10th Cir.1992) (agreement on clearinghouse letterhead with stamp of introducing broker at top insufficient to bind signatory to arbitration with introducing broker); *Wilson v. D.H. Blair & Co., Inc.*, 731 F.Supp. 1359 (N.D.Ind.1990) (Client's account number with investing broker on clearinghouse's letterhead containing arbitration agreement of no import), and Prudential Securities sent the Coltrains a letter informing them it was also opening an account in their name for clearinghouse purposes;

3. the pronouns used in the agreement refer to Prudential Securities, not Wolf, since the agreement was written on Prudential Securities letterhead and one required venue for arbitration is the New York Stock Exchange, of which Wolf is not a member, and another is any organization "of which Prudential Securities Incorporated is a member;"

4. other correspondence from Wolf to the Coltrains was on Wolf's letterhead, thus

Wolf could easily have placed its name on the heading of the agreement;

5. Wolf is not Prudential Securities's agent according to the letter sent by Prudential Securities to the Coltrains, and there is no evidence that Wolf was intended to be a beneficiary of the agreement. *Cf. O'Conner,* 965 F.2d at 901–02 (attempts by introducing broker to enforce arbitration clause in clearinghouse agreements are not favored by courts); *Mowbray v. Moseley, Hallgarten, Estabrook & Weeden, Inc.,* 795 F.2d 1111, 1116–1117 (1st Cir.1986) (same);

the Court FINDS that Wolf is not identified with reasonable certainty in the agreement the Coltrains signed containing the arbitration provision. *See Conway v. Icahn & Co. Inc.,* 787 F.Supp. 340, 344 (S.D.N.Y.1990) ("[w]hile the parties need not be named formally, there can be no enforceable agreement unless the party can be identified with reasonable certainty"). Accordingly, Defendants' Motion to Arbitrate is DENIED.

IT IS SO ORDERED.